UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 21-137-DLB-CJS

ANTHONY MARIO WYNN                                                                        PLAINTIFF

v.                                                    **ORDER**

CITY OF COVINGTON, et al.                                                             DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter, referred to the undersigned to supervise discovery and pretrial proceedings (*see* R. 3), is before the Court on Plaintiff's Motion to Mediate Pursuant to Rule LR 16.2 (R. 61), wherein Plaintiff requests the Court require the parties to engage in court-facilitated mediation. Local Rule 16.2 provides, in relevant part, that "[u]pon motion of any party, or *sua sponte*, any judicial officer **may** require parties in civil cases to consider some form of alternative dispute resolution process[.]" LR 16.2 (emphasis added). Defendants have filed a Response (R. 66) to Plaintiff's Motion informing they do not agree to mediation.

Upon consideration, at this time the Court declines to exercise its discretion to order the parties to engage in mediation. Generally, if any pretrial stages remain in a case (the prime example being a pending dispositive motion), the parties should be in agreement regarding engaging in alternative dispute resolution. Otherwise, and as pointed out by the defense, it tends not to be a wise use of time and resources by the parties, counsel, and the neutral. There is nothing about this specific case to take it outside this general approach of whether mediation should be ordered by the Court. The defense has moved for summary judgment and, with a case of this nature—a civil rights action under 42 U.S.C. § 1983—it is not unusual for the defense to wait to

see if a plaintiff's claims are disposed of by defense summary judgment before the defense is willing to consider voluntary resolution to dispose of a plaintiff's claims. Here, if claims should remain after Defendants' summary judgment motion is adjudicated, the District Judge may direct the parties to provide an update on their then stance on voluntary resolution. Or, Plaintiff may wish to renew his motion for mediation at that time.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Mediate Pursuant to Rule LR 16.2 (R. 61) is hereby **denied without prejudice.**

Signed this 19th day of April, 2024.

Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil cov\2021\21-137-DLB order denyg ADR mtn.docx