UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 21-137-DLB-CJS

ANTHONY MARIO WYNN                                             PLAINTIFF

vs.                      **MEMORANDUM ORDER**

CITY OF COVINGTON, et al.                                DEFENDANTS

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

## I.  INTRODUCTION

Before the Court is Defendants' Affidavit in Support of Attorney Fees, submitted by Defense Counsel Jeffrey C. Mando.  (Doc. # 103).  On April 8, 2025, this Court granted in part and denied in part Defendants' Motion for attorney's fees pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927.  (Doc. # 89).  The Court then ordered Defendants to file an affidavit "establishing the amounts and reasonableness of the fees incurred and if necessary, segregate the fees and costs incurred in defending claims arising from each of the three arrests."  (*Id*. at 27).  Pursuant to that Order, Defense Counsel filed the instant Affidavit, seeking $9,842.70 in fees.  (Doc. # 103).  For the following reasons, the Court awards Defendants $7,364.70 in fees.

## II.  ANALYSIS

### A.  Standard of Review

If a party has prevailed in a § 1983 action, the Court may award the prevailing party "a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  However, "a

request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citing *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)).

Because this Court held that Defendants were the prevailing party, and in turn, entitled to attorney's fees in part, the Court must now "determine what fee is 'reasonable.'" *Hensley*, 461 U.S. at 433. Defendants seek $9,842.70 in attorneys' fees, stating that the total sought, and hour rate which was billed, "is more than reasonable for the same or similar legal services provided in the Northern Kentucky legal community." (Doc. # 103 at 4).

## B. Attorney's Fees Under Section 1988

"The party seeking attorneys' fees bears the burden of documenting his entitlement to the award." *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. This two-step calculation, known as the lodestar amount, provides an "initial estimate of the value of a lawyer's services." *Id*.

"The product of reasonable hours times a reasonable rate does not end the inquiry." *Id*. at 434. After determining the lodestar amount, the court can adjust the fee upward or downward "to reflect relevant considerations peculiar to the subject litigation." *Adcock-Ladd*, 227 F.3d at 349. However, "trial courts need not, and should not, become

green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." *Id*. Therefore, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id*. Because the Court is required to "provide a concise but clear explanation of its reasons" for awarding a certain amount of fees, the Court will address the reasonableness of both the hourly rates and hours expended. *Hensley*, 461 U.S. at 437.

### 1.    *Reasonable rate*

"A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the 'prevailing market rate in the relevant community.'" *Adcock-Ladd*, 227 F.3d at 350 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The "prevailing market rate" is "the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715 (6th Cir. 2016) (citing *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir, 2004)). Therefore, "the appropriate rate is . . . the market rate in the venue sufficient to encourage competent lawyers in the relevant community to undertake legal representation." *Id*. at 716. "A district court may look to 'a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'" *Id*. (quoting *Van Horn v. Nationwide Prop. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011)). "Furthermore, while the district court may take into consideration an attorney's skill level in identifying the market rate, [the Sixth] Circuit holds that 'reasonable' fees need not be 'liberal fees.'" *Id*.

Two local attorneys—Jeffrey C. Mando, who has been practicing for 42 years, and Jennifer Haddad Langen, who has been practicing law for 27 years—represented Defendants in this action. (Doc. # 103 at 1). The rates sought for local counsel are $210.00 per hour. (*Id*. at 4). Considering the record and the applicable law, including awards in analogous cases and the Court's own knowledge and experience in handling similar fee requests, these hourly rates are very reasonable and proper for attorneys in this geographic area possessing similar skills and experience. *See Miller v. Davis*, 267 F. Supp. 3d 961, 965 (E.D. Ky. July 21, 2017) (granting rates of $250-$350 for local attorneys); *Hart v. Thomas*, No. 3:16-CV-00092-GFVT-EBA, 2022 WL 708449, at *2-3 (E.D. Ky. Feb. 10, 2020) (approving hourly rates of $200-$375 in a case brought under 42 U.S.C. § 1983); *Reece v. Carey*, No. 3:16-cv-00069-GFVT, 2022 WL 701015, at *6 (E.D. Ky. Mar. 8, 2022) (granting a rate of $275 and $400 in a § 1983 case); *Ramsek v. Beshear*, No. 3:20-cv-00036-GFVT, 2022 WL 3591827, at *8 (E.D. Ky. Aug. 22, 2022) (approving rates of $375-$400 for experienced Kentucky attorneys litigating a complex constitutional action). Accordingly, the Court concludes that the proposed rate of $210 per hour for experienced attorneys practicing in Kentucky is reasonable and therefore **approves** Mr. Mando and Ms. Langen's rate of $210 an hour.

    **2.**    ***Reasonable hours***

With respect to the second half of the lodestar equation, reasonable hours, it is the burden of the party seeking attorney's fees to adequately document "and submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433. The "documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and

4

reasonably expended in the prosecution of the litigation." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 533 (6th Cir. 2008). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. "There is no precise rule or formula for making these determinations." *Hensley*, 461 U.S. at 436. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award." *Id*. at 436-37.

In this Court's prior Order, the Court granted attorney's fees "in relation to the January 1, 2021, claim; January 16, 2021 equal protection and self-incrimination claim, pursuant to § 1988; and January 1, 2021 claim; January 16, 2021 equal protection and self-incrimination claim pursuant to § 1927[.]" (Doc. # 98 at 26-27). In the submitted Affidavit, Mr. Mando states that he and Ms. Langen spent a total of 46.87 hours defending against Plaintiff's claims. (Doc. # 103 at 4). Broken down by each individual claim, the hours are as follows: 6.5 hours on the January 1 claim; 19 hours on the equal protection and self-incrimination claims; 5.74 hours[1] for "reviewing [Plaintiff's] Discovery Responses, preparing for his discovery deposition, and taking his deposition testimony[,]"; 4.28 hours[2] "preparing for and attending Defendants' depositions" as applied to the equal protection and self-incrimination claims; and 11.35 hours[3] on the Motion for attorney's fees. (*Id*. at

---

[1]    Mr. Mando's affidavit states that the original time spent on reviewing and preparing discovery was 28.7 hours. (Doc. # 103 at 3). However, because this Court granted fees only with respect to some of Plaintiff's claims, Mr. Mando estimates that "a reasonable and fair estimate for attorney fees incurred on conducting discovery to defend the equal protection and self-incrimination claims is 20%" of the 28.7 hours, totaling to the requested 5.74 hours. (*Id*.).

[2]    Mr. Mando again reduced the original time spent on attending depositions down to 20% to that time "related to defending the equal protection and self-incrimination claims[.]" (Doc. # 103 at 3).

[3]    The total time alleged to have been spent on this Motion was 45.4 hours. (Doc. # 103 at 4). Mr. Mando reduced this time down to 25% which included only those hours spent on the claims "which the Court ruled in Defendants' favor[.]" (*Id*.).

2-4).

As the Court discussed above, certain hours may be reduced or eliminated by the Court when not properly documented or when including non-compensable tasks. Some hours, such as "purely clerical or secretarial" tasks, are not compensable. *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Clerical work involves tasks that do not require legal knowledge, such as filing motions, preparing or reviewing summons, and receiving and filing correspondence. *Lay v. Astrue*, No. 5:10-cv-346-DLB, 2012 WL 5988822, at *5 (E.D. Ky. Nov. 29, 2012) (citing *B&G Mining, Inc. v. Office of Workers' Comp. Programs*, 522 F.3d 657, 666 (6th Cir. 2008) ("receiving and filing correspondence presumably constitutes clerical work")). Moreover, billing entries that involve clerical tasks can be characterized as "block billing." "Block billing involves identifying more than one task in a single billing entry." *Gibson v. Scott*, No. 2:12-cv-1128-GCS, 2014 WL 661716, at *4 (S.D. Ohio Feb. 19, 2014). Block billing is not *per se* improper; it 'can be sufficient' if the description of the work performed is adequate." *Ne. Ohio Coal. for the Homeless*, 831 F.3d at 705 n.7. However, the use of block billing in entries that contain clerical work "render it impossible for the Court to determine the exact amount of non-compensable time included in the requested hours. *Miller v. Davis*, 267 F. Supp. 3d at 997.

Here, the Court has identified three separate entries that qualify as block billing containing clerical work. The following entries include: (1) 6.5 hours dedicated to "researching, drafting and filing" as to the January 1, 2021 claim; (2) 19 hours dedicated to "researching, drafting and filing briefs" in defense of the equal protection and self-incrimination claims; and (3) 11.35 hours dedicated to "researching, drafting and filing" the Motion for Attorney's fees. Because block billing does not provide detail as to how

6

much time was spent on each particular task, Defendants' counsel's use of block billing makes it difficult to determine the reasonableness of their billing entries, particularly because some of the entries contain clerical work. *See Firestine v. Parkview Health Sys., Inc.*, 374 F. Supp. 2d 658, 667 (N.D. Ind. 2005) (filing is a clerical task). As a result, "the Court cannot, with line-item precision, determine the total amount of time [Defendants'] counsel has billed for purely clerical or secretarial tasks." *Gibson v. Scott*, No. 2:12-cv-1128, 2014 WL 661716, at *5 (S.D. Oh. Feb. 19, 2014).

When faced with this issue, "[c]ourts in this Circuit generally address hybrid legal-clerical block-billed entries in one of two ways." *Whittemore v. Smith*, No. 6:16-cv-264-REW-HAI, 2020 WL 14042938, at *8 (E.D. Ky. Nov. 4, 2020), *report and recommendation adopted by* Judge Robert E. Weir, No. 6:16-cv-264-REW-HAI, 2020 WL 14042937, (E.D. Ky. Nov. 19, 2020). Courts have either struck the entries entirely or have "reduced the lodestar compensation by a fixed percentage." *Id*. For example, this Court, upon Judge Wehrman's recommendation, applied an across-the-board 20% reduction in a fee award on account of "block billing, insufficient billing detail and performance of clerical tasks." *Wesley v. Rigney*, No. 2:10-cv-51-DLB-JGW, 2016 WL 6787235, at *5-6 (E.D. Ky. May 18, 2016). Similarly, Judge Ingram recommended a 20% across-the-board reduction in the lodestar amount "to account for hybrid block billing." *Whittemore*, 2020 WL 14042938 at *8; *see also Perry v. AutoZone Stores*, Inc., 624 F. App'x 370, 373 (6th Cir. 2015) (reducing time by 15% on account of insufficiently detailed block-billing); *Howe v. City of Akron*, 705 F. App'x 376, 383 (6th Cir. 2017) (upholding a 35% reduction for block billing). Accordingly, this Court finds that a 5% across-the-board reduction to the total number of hours is a reasonable reduction to account for the block billing with clerical tasks, along

7

with the remainder of the billing entries being vague and general. *See Perry*, 624 F. App'x at 373 (finding that the description "prepare and draft Appellee Brief" to be too general).

Finally, the Court recognizes that with respect to the recovery of "fees for fees," the Sixth Circuit's general rule is that, in the absence unusual circumstances, such fees "should not exceed three percent of the hours in the main case which is decided without trial." *Auto Alliance Int'l, Inc. v. United States Customs Service*, 155 Fed. Appx. 226, 229 (6th Cir. 2005); *see also American Canoe Ass'n, Inc. v. City of Louisa*, 683 F. Supp. 2d 480, 498 (E. D. Ky. Jan. 27, 2010) (reducing "fees for fees" request from 34% down to 10% for excessiveness, but finding exceptional circumstances); *Say v. Adams*, No. 3:07-cv-377-R, 2009 WL 804994, at *7 (W.D. Ky. Mar. 25, 2009) (reducing the "fees for fees" request down to three percent).

Here, 11.35 hours of the legal work performed by Defendants' counsel was spent on matters related to attorney's fees. This comes to a total of 24% of the 46.87 claimed hours. Three percent of 46.87 hours is 1.4 hours. The Court does not find that unusual circumstances compel the Court to apply a higher percentage range. Therefore, the Court will only allow compensation for 1.4 hours of work related to attorney fees, electing to deduct 9.95 hours from Defendant's counsel's total of 11.35 hours spent on researching and drafting Defendants' Motion for attorney's fees. This results in a total of 36.92 hours. Moreover, after the 5% overall reduction necessitated by block billing and performance of clerical tasks, the total is reduced to 35.07. Applying the $210 per hour rate discussed supra yields a lodestar figure of $7,364.70 (35.07 X 210 = 7364.7). While the Court has the authority to adjust the lodestar figure, the Court finds no reason, nor do the parties present any, to depart from the lodestar amount which has a "strong

8

presumption" of representing a "reasonable fee." *Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995); *see also Adcock-Ladd*, 227 F.3d at 350 (loadstar modifications are proper "only in certain rare and exceptional cases[.]").

### III. CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Defendants are awarded $7,364.70 in attorney's fees.

This 24th day of June, 2025.



Signed By:
David L. Bunning
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2021\21-137 Order Issuing Fee Amount.docx